# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JARVIS PEELE et al.**                                                                 **PLAINTIFFS**

**v.**                                                       **CIVIL ACTION NO. 3:25-CV-305-JHM**

**LOUISVILLE METRO GOVERNMENT et al.**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jarvis Peele and the Development Academy Corporation filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, this case will be dismissed.

## I. SUMMARY OF ALLEGATIONS

According to the complaint, Peele is suing as an individual and as "a corporation." The complaint names as Defendants the Louisville Metro Government, Louisville Code Enforcement, Suburban Towing, Officer Karime Ruiz, Inspector Kambrin Brown, and Inspector Laiken Girdley. Peele states that he serves as Secretary of the Development Academy Corporation, a nonprofit corporation in Kentucky and Indiana, and, in his capacity as Secretary, he purchased a small residential property in Louisville in 2023.[1] He states that in November 2023, he found "our" 10-month-old lamb dead on the property of "an apparent suicide." Two weeks later, he found the lamb's mother "unresponsive." In April 2024, he discovered a Code Enforcement sticker dated February 23, 2024, on the bus parked in the property's driveway reading "'illegally parked/stored motor vehicle'" and identifying Ruiz as the inspector. He also discovered that the bus had been

---

[1] Peele lives in Indiana, not on the property.

vandalized. He indicates that he called Louisville Code Enforcement and spoke to several individuals who were unhelpful. He then called the Louisville Metro Police Department to report the "vandalism, theft, break-in and prior sheep killings." He states that shortly thereafter he was contacted by Louisville Metro Animal Services for information about who poisoned his sheep. Peele then went to the Louisville Code Enforcement Office where he complained about the "harassment" related to the bus, stating the following:

> [T]hey keep harassing because all neighbors to each side of [the property] have multiple and various types of vehicles in driveway and argued that [Code Enforcement] take whatever agent that oversees our property off please because I fear for my life especially after hearing the emotional state of rage Agent Ruiz spoke to me hours before and seeing how deadly this piece of the puzzle is.

He wrote a formal complaint "alleging theft, murder, animal abuse, violation of privacy and freedom of searches and demanded this agency cease and desist with their trespassing on our property."

Peele also alleges that in March 2024 he noticed that six vehicles on the property had "green sticker placards on the windows," with only one bearing a signature – that of Brown. In April 2025, he received a notice in the mail from Louisville Code Enforcement demanding that all the property's Louisville Metro Code violations be cured. He alleges, "We did not agree to any contract with the City Government or its affiliates outside of our corporation's bylaws" yet "they keep putting liens on our property and confiscating our valuables." He alleges that "Brown, Ruiz, and Girdley have all been back on the property to write citations," with some being sent by mail to Peele as the "owner" and some citing the Development Academy, "correctly[,]. . . as lawful holder of title." He alleges that this is "intentional to black ball us both from government programs and benefits to acquire more property (i.e. Louisville landbank)."

Peele further alleges that on April 23, 2025, he discovered that all seven of the vehicles on the property were removed by Suburban Towing and asserts, "We have no agreement with Suburban Towing." He explains that the Development Academy Corporation is the lawful owner of the seven vehicles on the property.

Peele references 42 U.S.C. §§ 1981 and 1983; the Fourth, Fifth, Eighth, and Fourteenth Amendments; "federal theft and embezzlement;" 18 U.S.C. §§ 1951, 2312; the Magna Carta; the Universal Declaration of Human Rights; Ky. Rev. Stat. § 411.130; the Fair Housing Act; the Equal Credit Opportunity Act; Title II and III of the Civil Rights Act of 1964; and the Religious Land Use and Institutionalized Persons Act.

Plaintiff requests return of the property and compensatory damages.

## II. STANDARD

Because this case is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir.

2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, when considering a *pro se* complaint, "the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 Fed App'x 573, 574 (6th Cir. 2003) (affirming trial court's dismissal of a vague, conclusory, and factually insufficient complaint).

### III. ANALYSIS

#### A. Development Academy Corporation's claims

Peele, a non-attorney, purports to prosecute the Development Academy Corporation's claims. "Although [28 U.S.C.] § 1654 permits an individual to proceed *pro se* in federal court, the statute does not permit an individual to appear on behalf of a corporation." *Bischoff v. Waldorf*, 660 F. Supp. 2d 815, 820 (E.D. Mich. 2009) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984)); *see also Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) (A corporation "is an abstraction, and an abstraction may not appear pro se."). It is well established that "[a] corporation must be represented by counsel." *Reich v. Pierce*, No. 93-3279, 1994 WL 709292, at *4 n.1 (6th Cir. Dec. 20, 1994) (per curiam); *Outfront Media, LLC v. LeMaster*, No. 7:17-CV-66-REW-EBA, 2019 WL 13193934, at *1 (E.D. Ky. Sept. 12, 2019).

Consequently,

**IT IS ORDERED** that the Development Academy Corporation is **DISMISSED** as a Plaintiff in this case.

4

The Clerk of Court is **DIRECTED** to terminate the Development Academy Corporation as a party to this action.

### B. Peele's claims

According to the complaint, the Development Academy Corporation owns the residential property and the seven vehicles which were cited by Louisville Code Enforcement and towed by Suburban Towing. As stated above, Peele cannot bring claims on behalf of the Development Academy Corporation.

Additionally, Peele cannot bring claims for himself related to the property or vehicles. The federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims, which does not include claims of artificial entities, such as corporations. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993). "Circuit courts, including the Sixth Circuit, consider this issue to be one of standing." *Boniecki v. City of Warren*, No. CV 22-11578, 2023 WL 2138090, at *2 (E.D. Mich. Feb. 21, 2023) (citing cases). Lack of standing implicates the case-or-controversy requirement of Article III, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *See Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007). Thus, Peele cannot rest his claims to relief on the legal rights or interests of the Development Academy Corporation but may assert only his own legal rights and interests. *See Greater Cincinnati Coalition v. City of Cincinnati*, 56 F.3d 710, 718 (6th Cir. 1995); *Club Xtreme, Inc. v. City of Wayne*, No. 07-15308, 2010 WL 1626415, at *5 (E.D. Mich. Apr. 21, 2010) (finding that plaintiff did not have individual standing for economic injuries resulting from harm to his business of which he was the sole shareholder where his claims were based on the city's recommendation that Club Xtreme's liquor license not be renewed).

For example, in a recent case, *Kiner v. Shelby County Government*, Kiner, proceeding *pro se*, brought suit on behalf of himself and the Daughters of Zion, a nonprofit corporation. No. 24-CV-2864-JPM-TMP, 2025 WL 2412167 (W.D. Tenn. May 30, 2025), *report and recommendation adopted*, 2025 WL 1927693 (W.D. Tenn. July 14, 2025). Kiner's complaint related to actions he took on behalf of Daughters of Zion and the alleged injuries suffered by Daughters of Zion because the County chose a different entity for a grant. *Id*. at *1. The *Kiner* Court held that "[d]espite Kiner's attempts to cast the lost opportunity as the County excluding him from the procurement process and causing him financial harm and reputational damage, those injuries are not separate and distinct from those suffered by Daughters of Zion." *Id*. at *6 (footnote, internal quotation marks, and citation omitted). Thus, "[e]ven construing Kiner's allegations as true, he has only alleged injury derived from that of Daughters of Zion and not individual harm to himself. Accordingly, on the face of his complaint . . . Kiner does not have individual standing." *Id*. Here, like the plaintiff in *Kiner*, Peele lacks stating to bring the Development Academy Corporation's claims.

The only allegation that might be considered to be personal to Peele is that Ruiz spoke to him in a "state of rage" on one occasion. Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court has a duty to construe *pro se* complaints liberally, Peele is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Rule 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555

(internal citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

The Court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004). The claim against Ruiz does not contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Therefore, the claim fails to meet the pleading standards of Rule 8(a) and must be dismissed for failure to state a claim upon which relief may be granted.

Finally, Peele's mere citation to various legal provisions does not comport with Rule 8(a). He offers no facts in support of any of the legal provisions in the lengthy list he refers to. Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cnty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). Peele's claim that Ruiz spoke to him in an "emotional rage" and related to any law referred to his complaint will be dismissed for failure to comport with the notice-pleading requirement of Rule 8(a).

### III.

For the aforesaid reasons, the Court will, by separate Order, dismiss this case.

Date: October 27, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009